# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B2B CFO PARTNERS, LLC, an Arizona limited liability company; B2B CFO, LLC, an Arizona limited liability company; JERRY MILLS and CHRISTINE MILLS, individuals<br><br>Plaintiffs/Counterdefendants,<br><br>vs.<br><br>KENNETH A. KAUFMAN, an individual; KAUFMAN ENTERPRSE SOLUTIONS, LLC, a Utah limited liability company; CFO WISE, INC., a Utah corporation; THE CFO WISE PROMISE, LLC, a Utah limited liability company,<br><br>Defendants/Counterclaimants. | **CV 09-2158-PHX-JAT**<br><br>**ORDER** |

Pending before the Court is Plaintiffs/Counterdefendants motion to seal (Doc. #73) seeking to seal the motion for partial summary judgment, motion for preliminary injunction and motion for permanent injunction (Doc. #74) currently lodged under seal (the statement of facts and supporting affidavit are also lodged under seal (Docs. ##75 and 77)).

As this Court noted in the protective order (Doc. #30 at7) any motion to seal must meet the standard set out in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172,

1

1179-80 (9th Cir. 2006). Specifically, for a dispositive motion, a party must show compelling reasons to file under seal. *Id.* at 1179. Indeed, there is a presumption of access to dispositive pleadings and attachments, and compelling reasons must be shown to rebut this presumption. *Id.* at 1180. Finally, generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed. *Id*. at 1183-84.

In this case, Plaintiffs' sole argument for sealing is, "Plaintiffs have attached certain versions of and excerpts from training manuals of Plaintiffs and Defendants, which the respective parties contend are confidential, proprietary, and should at this stage of the litigation be withheld from the public record." Doc. #73 at 1. This justification falls far below the compelling reasons required to justify sealing.

First, the fact that the parties agree amongst themselves that they would prefer something not be in the public record is not a compelling reason to seal. Second, Plaintiffs make no effort to comply with *Kamakana* in that they do not explain item by item why an exhibit or argument must be sealed. Indeed, they seek to seal the entire motion, which clearly contains law and argument that should not be sealed. Third, in assessing the need for confidentiality, the *Kamakana* court considered whether the same information was otherwise publically available. 447 F.3d at 1184. In this case, Plaintiffs make no showing that these training materials have not been distributed so widely that there is no lingering need for confidentiality (for example, Plaintiffs make no argument that upon giving these

materials to Defendant Kaufman prior to this litigation, Plaintiffs sought any confidentiality agreement in return).

Finally, Plaintiffs argue that these documents should be sealed "at this stage" of the litigation. As the *Kamakana* court notes, however, a grant of summary judgment is a resolution of the case, and, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id*. at 1179 (internal quotations omitted). Moreover, in this case, Plaintiffs seek both a preliminary injunction and a permanent injunction from this Court covering the "confidential" materials. Generally, this Court will not issue its reasoned opinions under seal. And the Court cannot conceive how it could bind people or entities to an injunction issued under seal when the people and entities have no access to either the Court's opinion or the materials that are the subject of the injunction.

As the *Kamakana* court noted, it is not this Court's burden to justify unsealing a document; it is the party's burden to overcome the presumption of access to the courts. *Id*. at 1181-82. Plaintiffs have failed to meet such burden in this case. As a result,

IT IS ORDERED that the motion to seal (Doc. #73) is denied; the Clerk of the Court shall unseal Docs. ## 74, 75, and 77.

IT IS FURTHER ORDERED that Plaintiffs' request for another Rule 16 conference (Doc. #76) is denied, without prejudice to Plaintiffs filing either a motion or stipulation

3

setting forth a schedule to accomplish their stated goal of, "establishing an efficient, meaningful schedule for consideration" of Plaintiffs' motions, including seeking an expedited briefing schedule on the motion for partial summary judgment, preliminary injunction and permanent injunction.

Dated this 25th day of May, 2010.

_____
James A. Teilborg
United States District Judge