Case 2:09-cv-02158-JAT   Document 145   Filed 02/08/11   Page 1 of 3

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| B2B CFO PARTNERS, LLC, an Arizona limited liability company; B2B CFO, LLC, an Arizona limited liability company; JERRY MILLS and CHRISTINE MILLS, individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>KENNETH A. KAUFMAN, an individual; KAUFMAN ENTERPRISE SOLUTIONS, LLC, a Utah limited liability company; CFP WISE. INC., a Utah corporation; and THE CFO WISE PROMISE, LLC, a Utah limited liability company,<br><br>    Defendants. | No. 2:09-cv-02158-JAT-PHX<br><br>**ORDER** |

Currently before the Court is an Application for Attorney's Fees ("Application") (Doc. 107) filed by Defendants Kenneth A. Kaufman, Kaufman Enterprise Solutions, LLC, CFP Wise. Inc., and The CFO Wise Promise, LLC (collectively "Defendants"). Plaintiffs B2B CFO Partners, LLC, B2B CFO, LLC, Jerry Mills and Christine Mills (collectively "Plaintiffs") filed a Response (Doc. 111), and Defendants filed a Reply (Doc. 115).

## I. BACKGROUND

On October 14, 2009, Plaintiffs filed a Complaint against Defendants alleging six claims, including among other claims, breach of contract and unfair competition/misappropriation of trade secrets. (Doc. 1, 14-15). On June 29, 2010, Plaintiffs filed a Motion to Amend Complaint, in which Plaintiffs withdrew the breach of contract claim and retained the unfair competition/misappropriation of trade secrets claim. (Doc. 91, 20-26). On July 21, 2010, this Court granted Plaintiffs' Motion to Amend Complaint. (Doc. 93).

On August 24, 2010, Defendants filed their Application requesting attorney's fees in the amount of $145,772 for "all of the fees [Defendants] incurred in the matter up to the time Plaintiffs withdrew their contract claim." (Doc. 107, 6:6). Plaintiffs filed a Response on September 13, 2010, arguing against an award of attorney's fees. (Doc. 111). Defendants further filed a Reply in Support of their Application on September, 23, 2010. (Doc. 115).

Meanwhile, the case, including the unfair competition/misappropriation of trade secrets claim, is still being adjudicated. The question currently before this Court is whether, in its discretion, the Court should award attorney's fees to Defendants for the dismissed breach of contract claim while the remaining interwoven claims are still pending. This Court has reviewed the parties' briefs and now denies Defendants' Application.

## II. ANALYSIS AND CONCLUSION

A party that wishes to make a claim for attorney's fees must do so by motion within fourteen (14) days after entry of judgment, must specify the judgment and the grounds entitling the moving party to relief, and must either state the amount (or provide an estimate) of relief claimed. Fed.R.Civ.P. 54(d)(2)(B). "By local rule the court may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings." Fed.R.Civ.P. 54(d)(2)(D). United States District Court, District of Arizona Local Rules provide that unless otherwise ordered by the court, a moving party that complies with the requirements of Fed.R.Civ.P. 54(d)(2)(B) has sixty (60) days from the date judgment is entered to file a memorandum of points and authorities in support of its motion,

along with all the supporting documentation required by paragraph (d) of Local Rule 54.2. LRCivP 54.2(b). Local Rule 54.2(c) specifies the format and required content of the supporting memorandum of points and authorities. Local Rule 54.2(d) specifies the documentation the moving party must attach to its memorandum of points and authorities to support its motion for attorney fees.

The Court finds the Defendants' Application for Attorney's Fees does not meet the requirements of Local Rule 54.2(b) at this time. As both the Defendants and Plaintiffs point out, Local Rule 54.2(b) says a Motion for Attorney's Fees must be filed "within fourteen (14) days of the entry of *judgment*." (Doc. 115, 8:15); (Doc. 111, 8:9)(emphasis added). In this case, Defendants' Application was not filed within the required fourteen (14) days of the July 21, 2010 Order or any judgment. (Doc. 107 filed thirty-four (34) days after Doc. 93). Thus, Defendants' Application is late or premature.

Even if Defendants had filed their Application within fourteen (14) days of the July 21, 2010 Order, the Court still would deny the Application at this time. The Local Rule clearly contemplates the entry of a judgment before a party can file a motion for attorney's fees. Because no judgment has been entered, it would be premature for the Court to address Defendants' Application for Attorney's Fees at this time.

Accordingly, **IT IS ORDERED** denying without prejudice Defendants' Application for Attorney's Fees. (Doc. 107).

DATED this 8th day of February, 2011.

James A. Teilborg
United States District Judge