**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| B2B CFO Partners, LLC; et al., | No. CV 09-2158-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Kenneth A. Kaufman; et al., | |
| Defendants. | |

Pending before the Court are: Plaintiffs' Application for Entry of Default (Doc. 188); Stipulated Motion to Remove Defendants Separate Statement of Facts from the Court Docket and Replace it with a Redacted Version and Stipulated Motion to Seal Exhibit D to Defendants' Separate Statement of Facts in Support of its Motion for Partial Summary Judgment on B2B's Fiduciary Duty Claim (Doc. 201); and Stipulated Motion to File Under Seal Certain Exhibits to Plaintiffs' Controverting Statement of Facts in Opposition to Defendant Kaufman's Motion for Partial Summary Judgment on Plaintiffs' Claim for Breach of Fiduciary Duty (Doc. 208).

## **APPLICATION FOR ENTRY OF DEFAULT**

Plaintiffs filed and served their Second Amended Complaint on July 20, 2011. (Doc. 179.) Defendants' Answer to the Second Amended Complaint was due on August 8, 2011. When Defendants did not timely file their Answer, Plaintiffs filed an Application for Entry of Default (Doc. 188) on August 9, 2011.

Defendants filed their Answer one day late on August 9, 2011, the same day Plaintiffs filed their Application. Defense counsel mistakenly believed that they had twenty days to answer. Throughout the course of this litigation, Defendants have vigorously defended against Plaintiffs' claims.

Because Defendants' Answer to the Second Amended Complaint was only one day late and because Plaintiffs suffered no prejudice from the one-day delay, the Court will deem the Answer timely and will deny the Application for Entry of Default.

## **MOTIONS TO SEAL**

Because there is a strong presumption in favor of public access to court documents, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-1179 (internal quotations omitted). These compelling reasons must be shown in order to seal judicial records attached to a dispositive motion, even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

After conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret, "if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations omitted).

**1. Motion to Seal Exhibit D to Defendants' SSOF**

On August 31, 2011, Defendants filed their Motion for Partial Summary Judgment on Plaintiffs' Claim for Breach of Fiduciary Duty (Doc. 199) with the accompanying Separate Statement of Facts in Support ("SSOF") (Doc. 200). Defendants inadvertently filed an un-redacted copy of B2B CFO/CIO LLP's (predecessor to Plaintiff B2B Partners LLC) Partnership Agreement, which Plaintiffs have designated as confidential, as Exhibit D to their SSOF. Defendants now ask the Court to remove their SSOF and allow them to replace it

with a redacted SSOF, as well as allowing them to file the un-redacted Exhibit D under seal.

The Court may seal a document if disclosure of the document could result in improper use of the material, such as infringement of trade secrets.[1] *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). And if a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

The parties assert compelling reasons support filing Exhibit D under seal. They claim that the Partnership Agreement is a trade secret document. The Partnership Agreement sets forth the internal structure of B2B, including information about the business's internal structure and operations. The parties claim that this information, about one of the most successful CFO firms in the world, would be of great economic value to B2B's competitors. Potential competitors could attempt to create a competing business using B2B's business structure, organization, and operation.

The Court finds that certain portions of the Partnership Agreement constitute trade secret information because the Agreement is kept confidential and disclosure could potentially hurt B2B's competitive standing. But the only portions of the Agreement that the parties claim are relevant here, the confidentiality provisions and the signature block, do not constitute trade secrets.

The Court therefore will grant the Motion to Remove Defendants' SSOF. The Clerk of the Court will strike Defendants' SSOF currently at Docket 200. Defendants then will re-file their SSOF with a redacted copy of Exhibit D that leaves un-redacted the confidentiality provisions of the Partnership Agreement, the signature block, and any other

---

[1] Arizona defines a "trade secret" as information that both: "(a) Derives independent economic value, actual or potential, from not being generally known . . . by other persons who can obtain economic value from its disclosure or use. (b) Is the subject of efforts . . . to maintain its secrecy." A.R.S. §44-401(4). "Only those secrets affording a demonstrable competitive advantage may properly be considered a trade secret." *Enterprise Leasing Co. of Phoenix v. Ehmke*, 3 P.3d 1064, 1070 (Ariz. Ct. App. 1999).

provisions that Plaintiffs agree would not give a competitive edge to B2B's competitors.[2] Defendants will also file an unredacted copy of Exhibit D under seal.

**2. Motion to Seal Certain Exhibits to Plaintiffs' CSOF**

The parties have stipulated to filing under seal certain Exhibits to Plaintiffs' Controverting Statement of Facts in Opposition to Defendants' Motion for Partial Summary Judgment on Plaintiffs' Claim for Breach of Fiduciary Duty (the "CSOF"). The parties seek to seal: 1) portions of Exhibit B to the CSOF, specifically Exhibit 66 to Defendant Kaufman's Deposition, which includes profit and loss statements for Kaufman Enterprise Solutions LLC, and Exhibit 67 to Kaufman's Deposition, which also contains profit and loss information; 2) the portions of Exhibit H to the CSOF that include Kaufman Enterprise Solutions LLC's customer invoices; and 3) the portion of Exhibit J to the CSOF that indicates non-employee compensation paid to William D. Baker from Kaufman Enterprise Solutions LLC.

**a. Profit and Loss Statements**

The parties argue that Kaufman Enterprise Solutions LLC's profit and loss figures are sensitive, proprietary internal economic records that are only tangentially related to the litigation. The Court appreciates the sensitive nature of a business's profit and loss information. And profit and loss statements may constitute trade secrets. *Enterprise Leasing Co. of Phoenix v. Ehmke*, 3 P.3d 1064, 1070 (Ariz. Ct. App. 1999). But to constitute trade secrets, profit and loss statements must afford a "demonstrable competitive advantage" to actual or potential competitors. *Id*. The parties have not explained how the Kaufman profit and loss statements, which basically list standard business deductions, could give an advantage to competitors. The parties therefore have not demonstrated compelling reasons for sealing the requested portions of Exhibit B to the CSOF.

Pursuant to Local Rule of Civil Procedure 5.6(e), the Court will strike the designated

---

[2]The Court notes that Plaintiffs already have filed un-redacted portions of B2B's Partnership Agreement as Exhibits to their Controverting Statement of Facts in Opposition to Defendants' Motion for Partial Summary Judgment.

portions of Exhibit B to Plaintiffs' CSOF currently lodged at Docket 209. Plaintiffs have five days from the date of this Order to resubmit the stricken documents for filing into the public record.

### b. Customer Invoices

The Court finds that disclosure of Kaufman Enterprise Solutions LLC's customer invoices could harm Defendants' competitive standing because it would give competitors the ability to directly undercut Defendants' pricing and thereby win clients away from Defendants. Moreover, customer lists may constitute trade secrets if competitors could not readily ascertain customer names from public or other proper sources and if reasonable efforts are made to maintain the secrecy of the lists. The Court therefore finds the parties have demonstrated compelling reasons for sealing the requested portions of Exhibit H to the CSOF.

### c. Payment to Mr. Baker

The parties do not really articulate a reason for sealing the portion of Exhibit J to the CSOF that is the record of a payment to William D. Baker listed in Kaufman Enterprise Solution LLC's 1099. The Court assumes the parties are concerned about the inclusion of Mr. Baker's social security number. Rather than seal that entire portion of the 1099, Plaintiffs should re-file the Exhibit with the social security number redacted.

Accordingly,

**IT IS ORDERED** DENYING Plaintiffs' Application for Entry of Default (Doc. 188).

**IT IS FURTHER ORDERED** GRANTING the parties' Stipulated Motion to Remove and Motion to Seal (Doc. 201) as outlined above. The Clerk shall strike Defendants' Statement of Facts in Support of Motion for Partial Summary Judgment (Doc. 200). Defendants shall re-file their SSOF with a redacted copy of Exhibit D, leaving un-redacted the provisions specified in this Order, into the public record. Defendants shall also file an un-redacted copy of Exhibit D under seal.

**IT IS FURTHER ORDERED** GRANTING in part and DENYING in part the parties' Stipulated Motion to Seal (Doc. 208) as outlined above. The Clerk shall strike the

portions of Exhibit B to the CSOF currently lodged at Docket 209. Plaintiffs shall have five days from the date of this Order to re-file those portions into the public record. The Clerk shall file under seal the portions of Exhibit H to the CSOF currently lodged at Docket 210. The Clerk shall strike the portion of Exhibit J to the CSOF currently lodged at Docket 211. Plaintiffs shall have five days from the date of this Order to re-file into the public record the specified portion of Exhibit J with Mr. Baker's social security number redacted.

DATED this 16th day of December, 2011.

James A. Teilborg
United States District Judge