**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B2B CFO Partners, LLC, an Arizona limited liability company; B2B CFO, LLC, an Arizona limited liability company; Jerry Mills and Christine Mills, individuals,<br><br>          Plaintiffs,<br><br>vs.<br><br>Kenneth A. Kaufman, an individual; Kaufman Enterprise Solutions, LLC, a Utah limited liability company; CFO Wise, Inc., a Utah corporation; The CFO Wise Promise, LLC, a Utah limited liability company,<br><br>          Defendants. | No. CV-09-2158-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt (Doc. 182) and Plaintiffs' Second Motion for Order to Show Cause and Motion to Reconvene Contempt Hearing (Doc. 249). The Court now rules on the motions.

**I.    BACKGROUND**

This case commenced on October 14, 2009 when Plaintiffs filed a complaint against Defendants alleging, among other claims, copyright infringement. (Doc. 1). The case concerns, in part, Defendants' possession and use of training manuals known as the "Kaufman 2008 Manual" and the "Kaufman 2009 Manual." Plaintiffs allege that these

manuals, which Defendants used in their business, infringe Plaintiffs' copyright in the 2005 B2B CFO Training Manual. On May 6, 2010, during discovery, Defendants gave to Plaintiffs electronic PDF copies of the Kaufman 2008 Manual and the Kaufman 2009 Manual. (Doc. 182-1 Ex. 1, at 1-2). Plaintiffs requested a preliminary injunction, and on February 3, 2011, the Court held a scheduled hearing on Plaintiffs' request. (Doc. 142 at 1). At the time set for the hearing, the parties stipulated in open court to the entry of a preliminary injunction. (*Id.*) The injunction applies to Defendants and "all agents, partners, members, and others having any ownership interest in any Defendant." The provisions of the injunction relevant to this Order state that "Defendants will collect all copies, including electronic copies, of the aforementioned Kaufman 2008 Manual, Kaufman 2009 Manual, and proposals. Defendants will provide the Manuals to Plaintiffs' counsel with a confidential designation, and Defendants' counsel may retain copies of the Manuals." (*Id.*)

Plaintiffs' counsel attests that Defendants have not provided to him any copies of the manuals since the injunction was entered. (Doc. 182-1 Ex. 1, at 3). On July 22, 2011, Plaintiffs filed a Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt, alleging that Defendants were in contempt of the Court's February 3, 2011 injunction. (Doc. 182). The Court held a hearing on February 27, 2012 at which Defendant Kaufman testified regarding Defendants' compliance with the injunction.

Following the entry of the injunction, Defendants sent e-mails to eleven associates of Defendants who may have had a copy of a Kaufman 2008 Manual or Kaufman 2009 Manual. (Doc. 243 at 2). Eight recipients responded. The three individuals who failed to respond to Defendants' e-mail, Henry Kim, Garth Daniels, and Nick Henderson, were still associated with Defendants at the time the injunction was entered. (Doc. 244 at 4). Two respondents informed Defendants that they never had received copies of the manuals. Three respondents, Tim Weeks, Jeff Hall, and David Marino, stated that they no longer had any copies in their possession. The other three respondents, Brad Jones, David Sullivan, and Larry Halverson, returned their printed copies to Defendants. (Doc. 244 at 4); (Doc. 243 at 3). Defendants gave the three collected printed copies of the manuals to Defendants' counsel. Defendants' counsel

1 testified that he currently possesses these copies and will produce them if the Court so
2 instructs.

3 Kaufman also testified at the hearing regarding electronic copies of the manuals. In
4 September 2009, he sent an electronic copy of the then-current version of the manual to all
5 of his associates. (Doc. 243 at 4). In November 2009, Kaufman e-mailed four versions (three
6 Word files and one PDF file) of the manuals to his attorney. (*Id.*) These versions of the
7 manuals were disclosed to Plaintiffs prior to the entry of the injunction. (*Id.*) After Kaufman
8 e-mailed a copy of his working Microsoft Word file to his counsel in November 2009, he has
9 continued to update and revise the same file on his laptop (and on a file storage service
10 known as "Dropbox"). This file presently contains the 2011/2012 version of the Kaufman
11 manual. (Doc. 243 at 5).

12 At the hearing, both parties agreed that the purpose of the injunction was to stop the
13 circulation of the Kaufman 2008 Manual and the Kaufman 2009 Manual and that
14 Defendants' actions achieved this objective. Defendants' counsel admits to possessing both
15 physical and electronic copies of the manuals after the entry of the injunction, but Defendants
16 dispute whether the injunction required that those copies be given to Plaintiffs' counsel.
17 (Doc. 243 at 3).

18 The parties filed post-hearing memoranda per this Court's order, and Plaintiffs
19 additionally filed a Second Motion to Show Cause and Motion to Reconvene Contempt
20 Hearing (Doc. 251).

21 **II.   CIVIL CONTEMPT**

22 **A.   Legal Standard**

23 Civil contempt is "a party's disobedience to a specific and definite court order by
24 failure to take all reasonable steps within the party's power to comply." *Reno Air Racing*
25 *Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck*, 10
26 F.3d 693, 695 (9th Cir. 1993)). The contempt "need not be willful, and there is no good faith
27 exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette*
28 *Recorder Antitrust Litig.*, 10 F.3d at 695 (citation omitted). However, if a party's actions are

1 based upon a "good faith and reasonable interpretation of the court's order, then that party should not be held in contempt." *Id.* (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).

A party is also excused from complying with a court order if it is unable to comply, *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999), or if it is in "substantial compliance" with only a few "technical violations." *In re Dual-Deck*, 10 F.3d at 695 (citing *Vertex Distrib.*, 689 F.2d at 891-92). There must have been every reasonable effort to comply with the court's order, however. *Id.*

The moving party has the burden of proving contempt by clear and convincing evidence. *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). Therefore, the moving party must show by clear and convincing evidence that the non-moving party violated the court order beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the order. *Id.*; *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck*, 10 F.3d at 695). Once the moving party has met this burden, it "then shifts to the contemnors to demonstrate why they were unable to comply." *Affordable Media*, 179 F.3d at 1239 (citing *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

In ascertaining whether a party is in contempt, a court naturally must interpret the order at issue. The proper interpretation of a consent decree (including stipulated preliminary injunctions) is according to the principles of contract law of the state in which the decree is signed. *Gates v. Rowland*, 39 F.3d 1439, 1444 (9th Cir. 1994) (citing *Thompson v. Enomoto*, 915 F.2d 1383, 1388 (9th Cir. 1990)); *Vertex Distrib.*, 689 F.2d at 892; *Gates v. Gomez*, 60 F.3d 525, 530 (9th Cir. 1995). The scope must be "discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *Vertex Distrib.*, 689 F.2d at 893 (quoting *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971)).

Under the contract law of Arizona, where the injunction at issue here was signed, words are to be given their ordinary meaning, and the document must be construed so that

- 4 -

1  every part is given effect. *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 855 P.2d
2  787, 791 (Ariz. Ct. App. 1993). "Each section of an agreement must be read in relation to
3  each other to bring harmony, if possible, between all parts of the writing . . . [T]he court will
4  not construe one provision in a contract so as to render another provision meaningless." *Id.*
5  (internal citation omitted). Extrinsic evidence is only relevant if the plain language is
6  ambiguous, *Brand v. Elledge*, 419 P.2d 531, 537 (Ariz. 1966), and the fact that "the parties
7  disagree as to the [decree's] meaning does not in and of itself establish that the [decree] is
8  ambiguous." *United States v. Gila Valley Irr. Dist.*, 961 F.2d 1432, 1441 (9th Cir. 1992).

### B. Defendants' Contempt

Plaintiffs must prove by clear and convincing evidence that the Defendants violated the injunction beyond substantial compliance and that Defendants' actions were not based on a good faith and reasonable interpretation of the injunction. Though the parties do not clearly delineate their arguments, it appears that the dispute is threefold: (1) The parties dispute the proper interpretation of the injunction; (2) if the Court agrees that Plaintiffs' interpretation is the correct interpretation, the parties dispute whether Defendants' actions constitute substantial compliance; and (3) if Defendants have not substantially complied with the injunction, the parties dispute whether Defendants had a good faith and reasonable interpretation of the injunction. These issues require, as a preliminary matter, that the Court interpret the injunction. If the injunction is clear and unambiguous, then a violation of the injunction beyond substantial compliance necessarily cannot be grounded in a good faith and reasonable interpretation. If the injunction is ambiguous, then it is possible for Defendants to have violated the injunction beyond substantial compliance yet have a good faith and reasonable interpretation of its terms.

The Court interprets the stipulated injunction, as a consent decree, according to principles of contract law. The Court looks to the plain language of the injunction, construing it so as to give effect to every part of the document. The injunction first identifies "documents referred to herein as Kaufman's 2008 Manual, Kaufman's 2009 Manual, and any proposals." (Doc. 142 at 1:23-24). The parties do not dispute, and it is clear, that this

- 5 -

1 language refers to the Kaufman 2008 Manual and Kaufman 2009 Manual discussed in this
2 Order and in the parties' pleadings. Next, the injunction states that "Defendants will collect
3 all copies, including electronic copies, of the aforementioned Kaufman 2008 Manual,
4 Kaufman 2009 Manual, and proposals."[1] (*Id.* at 1:25-26). The parties do not dispute the
5 meaning of this sentence, and it is clear that this language directs Defendants to consolidate
6 their possessed copies of the manuals and proposals, which involves the physical or
7 electronic transfer of the copies.

8       The parties' disagreement stems from the next sentence in the injunction: "Defendants
9 will provide the Manuals to Plaintiffs' counsel with a confidential designation, and
10 Defendants' counsel may retain copies of the Manuals." (*Id.* at 1:26-28). Defendants argue
11 that "provide the Manuals" means that Defendants were required to ensure that Plaintiffs had
12 copies of the manuals, not that Defendants had to provide "redundant copies of the manuals."
13 (Doc. 187 at 5-6); *see also* (Doc. 243 at 3). Plaintiffs argue that this sentence must be read
14 in conjunction with the preceding sentence's mandate to "collect all copies." (Doc. 192 at 7);
15 *see also* (Doc. 244 at 2-3). Plaintiffs claim that the combined meaning of these two sentences
16 is clear: Defendants are required to collect all copies of the manuals and to provide the
17 manuals to Plaintiffs' counsel, and Defendants' counsel is entitled to keep one copy of the
18 manuals for use in this litigation.

19       At the hearing, the parties and the Court discussed for the first time the specific
20 meaning of the capitalized word "Manuals" in the phrase "provide the Manuals." Plaintiffs
21 argue that "[t]he capitalization of the term 'Manuals' relates the term back to the
22 'aforementioned Kaufman 2008 Manual, Kaufman 2009 Manual' referenced in the prior two
23 sentences." (Doc. 244 at 3); *see also* (Doc. 249 at 7-8); (Doc. 253 at 6). Defendants reiterate
24 that they "believed the intent of the Order was to ensure that Plaintiffs were provided with
25 all different versions of the 2008 and 2009 Manuals." (Doc. 243 at 3); *see also* (Doc. 251 at

26

---

27       [1] Plaintiffs do not allege that Defendants are in contempt of the injunction with respect
28 to the proposals.

- 6 -

4-5). Defendants attempt to introduce extrinsic evidence in support of their interpretation. (Doc. 187 at 2). Admission of such extrinsic evidence is improper if the plain language is unambiguous. *See Brand*, 419 P.2d at 537. Therefore, the Court must first address the question of ambiguity. If the injunction is ambiguous, the Court will then consider extrinsic evidence in determining its meaning.

Keeping in mind that the fact that "the parties disagree as to the [injunction's] meaning does not in and of itself establish that the [injunction] is ambiguous," *Gila Valley Irr. Dist.*, 961 F.2d at 1432, the Court nevertheless concludes that the capitalization of the word "Manuals" creates an ambiguous meaning of the phrase "provide the Manuals." Ordinarily, a capitalized word that is not a proper noun is a defined term and will reference a definition previously stated in the document. In this case, the injunction does not define the term "Manuals." In light of this missing definition, the precise meaning of "Manuals" is ambiguous. "Manuals" may mean, as Plaintiffs contend, the "aforementioned Kaufman 2008 Manual, Kaufman 2009 Manual," but it may also mean some other definition within the parties' contemplation at the time of the stipulation. In fact, a missing definition is more likely than other types of unclear draftsmanship to be reliant upon extrinsic evidence; if the parties intended to define a term but failed to include the definition within the four corners of the document, it is very likely that the definition resided in the parties' heads at the time of drafting. The plain language is ambiguous. In the context of the injunction, the term "Manuals" is not reasonably susceptible of only one meaning.

Accordingly, the Court may use extrinsic evidence to aid in determining the injunction's proper interpretation. Defendants argue that both parties' counsel never believed that the injunction required Defendants "to provide additional duplicative copies of the Kaufman manuals beyond what B2B already had in its possession." (Doc. 187 at 6). In support, Defendants offer an affidavit of Defendants' counsel, who attested, in part:

> . . . [Plaintiffs' counsel] never expressed a desire to receive duplicative copies of the Kaufman 2008 and 2009 manuals . . . . I believed the Court's Order was intended to ensure that CFO Wise provide copies of the Kaufman 2008 and Kaufman 2009 manuals to B2B—which CFO Wise has done. I did not understand that language to mean CFO Wise was required to provide

- 7 -

1 redundant copies of the manuals B2B already had in its possession.
2 (*Id.* at 2).

3 Defendants also point to conversations at "break-out sessions" where counsel
4 "discussed the language to be placed in the Order." (*Id.* at 2). Defendants offer an affidavit
5 from Defendants' counsel stating that, during the discussions with Plaintiffs' counsel
6 regarding the stipulated language, Plaintiffs' primary concern was that the manuals be
7 collected so they would not be used. (*Id.* Ex. 1, at 2). Defendants emphasize that Plaintiffs'
8 counsel "never expressed a desire to receive duplicative copies of the Kaufman 2008 and
9 2009 manuals." (*Id.* at 5) Although Defendants rely upon this extrinsic evidence to conclude
10 that the injunction meant only that Defendants had to provide those manuals whose versions
11 were not already in Plaintiffs' counsel's possession, the Court finds that this evidence is
12 insufficient to clearly establish that the parties intended the injunction to have such a
13 meaning. At the hearing, Plaintiffs suggested that if the injunction's language is ambiguous,
14 the motion which sought the injunction would be relevant as to showing the parties' intent.
15 Plaintiffs originally asked the Court for a preliminary injunction prohibiting Defendants from
16 "retaining any copy of the 2005 [B2B] Manual . . . [and] using in Defendants' business any
17 derivative work or product that infringes Plaintiffs' copyright in the 2005 Manual." (Doc. 80
18 at 2). The stipulated injunction mirrors this language, but the provisions of the injunction
19 pertaining to the 2005 B2B Manual are not in dispute. The injunction's references to the
20 Kaufman 2008 Manual and Kaufman 2009 Manual were not present in Plaintiffs' original
21 motion.

22 Neither piece of extrinsic evidence is particularly helpful. Plaintiffs' motion for a
23 preliminary injunction at best shows only Plaintiffs' intent regarding the 2005 B2B manual,
24 and not the intent of both parties in agreeing upon the stipulated language pertaining to the
25 Kaufman manuals. Defendants' statement that "[Plaintiffs' counsel] never expressed a desire
26 to receive duplicative copies," (Doc. 187 at 5), does not imply that Plaintiffs' counsel
27 expressed a desire to *not* receive duplicative copies. Weighing all of the evidence, the Court
28 concludes that the injunction requires Defendants to provide to Plaintiffs' counsel all copies

- 8 -

of the Kaufman 2008 Manual and Kaufman 2009 Manual, not just those copies which are versions of the manuals never previously disclosed to Plaintiffs.[2]

The Court next addresses the question of whether Defendants have violated the injunction beyond substantial compliance. Plaintiffs allege that Defendants are in violation of both the "collect all copies" provision and the "provide the Manuals" provision. With regard to the collection of copies, Plaintiffs argue that Defendants did not take all reasonable steps within Defendants' power to comply. Specifically, Plaintiffs find fault with Kaufman's e-mails to then-current and former associates asking for return of the manuals. Plaintiffs point to the failure of three of Defendants' associates to respond to the e-mails and also to the failure of Defendants to present evidence that the electronic copies of the manuals sent in November 2009 have been collected. (Doc. 244 at 4).

Defendants bear the burden of showing that they took all reasonable steps within their power to comply with the injunction. *Stone*, 968 F.2d at 856. While Defendants could have further persisted in communicating with the three current associates who failed to respond to Kaufman's multiple e-mails, Defendants have taken all reasonable steps within Defendants' power to comply with the collection provision of the injunction. Defendants cannot reasonably be expected to do more than ask for the return of the manuals. If Defendants' associates failed to comply with the e-mail requests, then Defendants' *associates*, not Defendants, may be in contempt. Plaintiffs argue that "Defendants cannot escape liability for the failure of their own 'partners' . . . to comply with the requirement that Defendants collect all copies, including electronic copies, of the Manuals." (Doc. 244 at 4).

---

[2] As to physical copies, the injunction requires Defendants to give to Plaintiffs' counsel every copy (as the term "copies" is defined in 17 U.S.C. § 101) of the Kaufman 2008 Manual and Kaufman 2009 Manual. Prior to Defendants' giving of these copies to Plaintiffs, Defendants' counsel may make photocopies of the manuals and retain such photocopies, but all of the copies collected from Defendants must be given to Plaintiffs' counsel.

As to electronic copies, the injunction requires Defendants or Defendants' counsel to electronically transmit to Plaintiffs' counsel a copy of each file that contains the Kaufman 2008 Manual or Kaufman 2009 Manual. Defendants' counsel may retain duplicates of these copies. Defendants must then delete the copies from Defendants' computers.

1 The leader of a corporation can be vicariously liable for his corporation's contumacy. *See*
2 *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 675-76 (3d Cir. 1999).
3 Plaintiffs have not shown clear and convincing evidence of Defendants' associates'
4 contempt, however.

5 With regard to the November 2009 electronic copies, Plaintiffs have not shown any
6 evidence of the copies' continued existence among Defendants' associates such that a
7 collection effort would be justified. Defendants collected all copies of the manuals and
8 therefore, Defendants have not violated this portion of the injunction.[3]

9 Since the Court determines that the injunction requires Defendants to give all copies
10 of the manuals to Plaintiffs' counsel, Defendants have violated the "provide the Manuals"
11 provision of the injunction. Plaintiffs have the burden of showing by clear and convincing
12 evidence that this violation is beyond substantial compliance, and they have met this burden.
13 Retaining multiple physical copies of the manuals is sufficient to prevent Defendants from
14 being in substantial compliance.[4] Plaintiffs thus must show, by clear and convincing
15 evidence, that Defendants did not have a good faith and reasonable interpretation of the
16 injunction.

17 Plaintiffs must show that Defendants either interpreted the injunction in bad faith or
18 that their interpretation was unreasonable, and must make their showing by clear and
19 convincing evidence. Plaintiffs fail to satisfy their heavy burden. Plaintiffs argue that
20 Defendants' interpretation is unreasonable because "the term 'version' does not appear

---

[3] Defendant Kaufman inadvertently failed to collect an electronic copy of the Kaufman 2009 Manual that remained in his e-mail outbox after he e-mailed the copy to his counsel in November 2009. This copy was automatically created by Kaufman's e-mail program at the time of transmission and is the kind of "technical violation[]" that does not vitiate substantial compliance. *See In re Dual-Deck*, 10 F.3d at 695.

[4] Plaintiffs also argue that the continued existence of the November 2009 electronic copies violates the injunction. (Doc. 244 at 4); (Doc. 249 at 6). Because Defendants' failure to provide the physical copies of the manuals is a violation of the injunction, the Court need not determine whether failure to provide the electronic copies is also a violation.

- 10 -

1 anywhere in the injunction, and the injunction makes no mention of previously disclosed
2 manuals." (Doc. 249 at 8). Defendants rely upon extrinsic evidence to support their
3 interpretation of "the Manuals" referring only to versions of the Kaufman 2008 Manual and
4 Kaufman 2009 Manual which were not previously disclosed to Plaintiffs. *See* (Doc. 187 at
5 2); (Doc. 187 Ex. 1, at 2). The Court discusses this evidence above in reaching its
6 determination that Defendants were required to provide all copies, including both previously
7 and newly disclosed versions, to Plaintiffs' counsel, and the discussion need not be repeated.
8 However, although the Court interprets the injunction to require the transfer of all copies to
9 Plaintiffs' counsel, Defendants' extrinsic evidence nevertheless sufficiently establishes their
10 interpretation of the injunction as being in good faith and reasonable. It is possible that
11 Defendants believed that the injunction's intent was "to ensure that CFO Wise provide copies
12 of the Kaufman 2008 manuals and Kaufman 2009 manuals to B2B." (*Id.* at 4). The undefined
13 term "Manuals" makes it plausible that the parties intended for Defendants to provide to
14 Plaintiffs' counsel only previously undisclosed versions of the manuals. It is also plausible
15 that the undefined term meant that each party's counsel had differing interpretations at the
16 time of the stipulation, and that Defendants' counsel believed then, as he now attests, that
17 only previously undisclosed versions of the manuals were at issue.[5]

---

[5] In Defendants' Response to Plaintiffs' Second Order to Show Cause and Motion to Reconvene Contempt Hearing (Doc. 251), Defendants stated that the "the Order simply stated 'the Manuals'—and that capitalized term was defined in the preceding sentence to refer to the 2008 and 2009 Manuals." (Doc. 251 at 4). Plaintiffs seize upon this statement, arguing that this constitutes Defendants' acknowledgment that "Manuals" was a clearly defined term in the injunction. (Doc. 253 at 6). However, Defendants made this statement, which consists of a single sentence in the middle of a paragraph, in the context of responding to Plaintiffs' arguments regarding whether electronic documents are required to be produced in their "native format," and it would be unreasonable to draw further inferences from it.

Plaintiffs further argue that Defendants possess a previously undisclosed version of the manual and thus Defendants have not complied with even their own interpretation of the injunction. (Doc. 253 at 8-9). Plaintiffs argue that the act of marking a copy of a manual with handwritten notes creates a new version, and since Defendants possess a copy of the Kaufman 2009 Manual with handwritten notes, Defendants "have failed to demonstrate" that the other copies of the Kaufman 2009 Manual within their possession are the "exact same

At the time of the stipulation, Defendants knew that they were not in possession of any previously undisclosed versions of the manuals that would require their provision to Plaintiffs' counsel. Plaintiffs correctly argue that an interpretation of the injunction that does not require Defendants to provide any copies renders meaningless the subsequent provision granting Defendants' counsel permission to retain copies of the manuals.[6] *See* (Doc. 249 at 9). One part of a contract must not be construed so as to render another meaningless. *Chandler Med. Bldg. Partners*, 855 P.2d at 791. But Plaintiffs' argument neglects the connection between the two clauses of the sentence. The injunction permits Defendants' counsel to retain copies of *those manuals which the Defendants provide to Plaintiffs' counsel*. The two clauses are not independent, but rather the retention of copies is dependent upon the copies provided. The fact that Defendants do not possess any versions of the manuals which necessitate their provision to Plaintiffs' counsel does not mean that the retention clause has no effect, but only that the retention clause has turned out to be inapplicable. Plaintiffs, who bear the burden of proving by clear and convincing evidence that Defendants did not have a good faith and reasonable interpretation of the injunction, have not satisfied this burden. Defendants are not in contempt of the Court's February 3, 2011 injunction.

---

'version'" as the copy with the handwritten notes. (*Id.*). Similarly, Plaintiffs also argue that Defendants have not proven that the PDF versions of the manuals which Defendants disclosed are the same versions as the Microsoft Word copies of the manuals that Defendants currently possess. (*Id.* at 9-10). Contrary to Plaintiffs' assertions, Defendants do not bear the burden of disproving their violation of the injunction. Plaintiffs must prove by clear and convincing evidence that Defendants violated the injunction, and Plaintiffs have not proven that Defendants failed to provide all previously undisclosed versions of the manuals.

[6] The injunction is ambiguous as to whether (1) Defendants' counsel may retain a portion of the copies collected by Defendants (presumably only if there are duplicate versions collected), or (2) Defendants' counsel may make new copies of the manuals, retain those new copies, and must provide all of the collected copies to Plaintiffs' counsel. Nevertheless, this ambiguity is irrelevant to the Court's decision.

### C. Defendants' Counsel's Contempt

Plaintiffs also ask the Court to find Defendants' counsel in contempt for their participation in Defendants' alleged contumacy. (Doc. 249 at 2). They point to the fact that Defendants' counsel has admitted retaining the three physical copies of the Kaufman 2008 Manual or Kaufman 2009 Manual as well as the four November 2009 electronic copies. Because the Court concludes that Defendants are not in contempt of the injunction, Defendants' counsel cannot be in contempt merely for failing to "provide the Manuals." Nor has Defendants' counsel independently violated the injunction. The plain language of the injunction states that "Defendants' counsel may retain copies of the Manuals." (Doc. 142 at 1). Mere retention of the manuals is not a violation of the injunction. Although Defendants failed to comply with the injunction by not providing all copies of the manuals, Defendants' counsel's retention of copies is not a violation.

Plaintiffs additionally argue that Defendants' counsel instructed Kaufman to willfully destroy evidence. (Doc. 249 at 10-11). Plaintiffs seek to elevate a discovery dispute into an allegation of contempt. Defendants' counsel admits recently instructing Kaufman to delete the November 2009 electronic copies that remained in his e-mail outbox. (Doc. 251 at 7-8). Defendants did so in order to comply with this Court's injunction, *see supra* note 2, and because Defendants' counsel has retained those e-mails, Defendants have not destroyed any evidence relevant to the issue of contempt. Plaintiffs similarly argue that Defendants' failure to provide the native Microsoft Word copies of the manuals is grounds for contempt because metadata is absent from the PDF and hard copy forms of the manuals. This issue is a discovery issue and is not relevant as to whether such copies were or should have been provided to Plaintiffs' counsel in accordance with the injunction.[7] Contempt under the terms

---

[7] The Court declines Plaintiffs' request that Defendants be ordered to produce the 2011/2012 Kaufman manual which resides on Kaufman's laptop and his Dropbox and which has been continually updated. Plaintiffs have already received a copy of this file, as it existed in November 2009. Pursuant to this Order, Plaintiffs will receive another copy that Defendants' counsel currently possesses.

of this injunction does not depend upon the particular type of electronic files in the current possession of Defendants' counsel. Therefore, Plaintiffs have not shown by clear and convincing evidence that Defendants' counsel is in contempt of the Court's February 3, 2011 injunction.

Plaintiffs ask the Court to reconvene the contempt hearing so that Defendants' counsel may show cause why they should not be held in contempt, but Plaintiffs have not made any materially new arguments nor shown that any new evidence would be introduced at such a hearing. The Court will decline Plaintiffs' request for a hearing.[8]

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiffs' Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt. (Doc. 182).

**IT IS FURTHER ORDERED** denying Plaintiffs' Second Motion for Order to Show Cause and Motion to Reconvene Contempt Hearing. (Doc. 249).

///
///
///
///
///
///
///
///
///

---

[8] The Court will not reconvene the contempt hearing as requested in Plaintiffs' Second Motion for Order to Show Cause and Motion to Reconvene Contempt Hearing (Doc. 249) because both of the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process. *See, e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Grp., Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1    **IT IS FURTHER ORDERED** that consistent with this Order, Defendants and
2 Defendants' counsel shall, within seven (7) days from the date of this Order, provide
3 Plaintiffs' counsel with all copies currently known to be in Defendants' or Defendants'
4 counsel's possession, physical and electronic, of the Kaufman 2008 Manual and Kaufman
5 2009 Manual, regardless of whether the versions have been previously disclosed to Plaintiffs'
6 counsel. The phrase "all copies" necessarily includes those copies which are electronic and
7 are in native formats (such as Microsoft Word). Defendants' counsel may make and retain
8 copies of the electronic and physical manuals.

9    DATED this 29th day of March, 2012.

*[signature]*
James A. Teilborg
United States District Judge